IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL GOUDEAU, | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) |
| | ) |
| PEOPLETEC, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

COMES NOW, Henry Gordon (hereinafter Mr. "Goudeau" or "Plaintiff"), and hereby files this Complaint against PeopleTec, Inc. (hereinafter "PeopleTec" or "Defendant") and states as follows:

**JURISDICTION AND VENUE**

1.  This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, (hereinafter "Title VII"), which provides for relief from race discrimination and retaliation in employment, 42 U.S.C. § 1981 (hereinafter "Section 1981"), which prohibits discrimination and retaliation predicated on race in the formation and the enforcement of contracts, and 28 U.S.C. §§ 1331, 1343(4), and 1367.

1

2. Mr. Goudeau has fulfilled all conditions precedent to the institution of this action under Title VII. Mr. Goudeau filed his charge of race discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of the occurrence of the last respective discriminatory act, Charge No. 420-2022-01390, on or about April 29, 2022. His Determination and Notice of Rights (to file his lawsuit) was transmitted on or about May 13, 2022. A copy of Mr. Goudeau's EEOC Charge of Discrimination and his Determination and Notice of Rights are attached hereto as Exhibit A. All claims by Plaintiff under Section 1981 are subject to a four-year statute of limitations. *See* 28 U.S.C. § 1658.

3. The unlawful practices alleged herein were committed by Defendant in Madison County in the state of Alabama. Thus, venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Mr. Goudeau is an African American male citizen of the United States of America, is a resident-citizen of the state of Texas, and is over the age of 19. At all times relevant to this action, Mr. Goudeau was employed by Defendant.

5. Defendant is an employer in Madison County, Alabama and is subject to suit under Title VII. At all times relevant to this action, Defendant has employed at least 15 persons.

## FACTS

6. Mr. Goudeau served his country faithfully, distinguishably, and honorably in the United States armed forces for 28 years and eight months. He enlisted in the National Guard on or about June 5, 1989. Mr. Goudeau became a commissioned officer on or about May 6, 1993 and retired as a Lieutenant Colonel and helicopter pilot in the United States Army on February 28, 2017.

7. Mr. Goudeau enjoyed a distinguished and decorated military career, served several tours of combat duty, and was honorably separated from the United States Army. His honors, recognition, and commendations include, but are necessarily limited to, the Expeditionary Medal, Global War on Terrorism Expeditionary Medal, Global War on Terrorism Service Medal, Korea Defense Service Medal, Army Service Ribbon, Overseas Service Ribbon (six awards), Kosovo Campaign Medal with Bronze Service Star, NATO Medal, Kuwait Liberation Medal (Kuwait), Combat Action Badge, Basic Aviator Badge, Basic Aviation Badge, Parachutist Badge and Air Assault Badge.

8. Mr. Goudeau earned his Bachelor of Science degree in Aviation Technology from University of Central Missouri State in December 1993.

9. Mr. Goudeau began his employment with PeopleTec on or about April 2021 as a Senior Test Engineer. As Senior Test Engineer, Mr. Goudeau's duties included, but were not necessarily limited to: supporting the planning, development

and execution of T & E development and operational test events for aviation systems; participating in technical working groups and discussions with respect to the aviation programs' development efforts; supporting the development of the Test Strategy and/or Test Evaluation Master Plan; supporting test planning with OEM and Government Test Agencies; building a tool development plan encompassing all phases of test; and assessing architectures and designs early enough to identify issues. His starting hourly pay rate was $52.88.

10. Mr. Goudeau performed his job extremely well and demonstrated the ability to assume additional responsibility and learn other jobs. Consequently, his role evolved and became more varied than any of his teammates within months of his hire date, which included, but was not limited to, Test Lead, military subject matter expert, aviation subject matter expert, project, and mentor to younger employees.

11. In late December 2021 to early January 2022, Mr. Goudeau learned that he was paid significantly less than similarly-situated white employees for doing substantially similar work. He also found out that he was paid less than all of his teammates, even those who had fewer duties, less responsibility, and a less divers role with PeopleTec.

12. By email on February 11, 2022, Mr. Goudeau requested a meeting with Michael Thome, Director of PeopleTec, to discuss his change of roles and

responsibilities in light of the obvious pay disparity. During this meeting, Mr. Goudeau challenged PeopleTec's racially discriminatory compensation practices. Mr. Goudeau then met with members of his management team, namely Kenton Brazell (white), Jeff Tollenson (white), and Joan Smith (white), and challenged PeopleTec's racially discriminatory pay practices. During this meeting, Brazell referred to African Americans as lazy, inadequate, and underperforming.

13. Later on February 11, Mr. Goudeau met with Julie Richardson of Human Resources to discuss his contributions to the team, the pay disparity between himself and similarly-situated white employees, and competitive compensation.

14. From February 12 to March 8, 2022, Mr. Goudeau met with company management personnel and officials no fewer than six (6) times to discuss Mr. Goudeau's concerns about PeopleTec's racially discriminatory compensation policies and/or practices.

15. In response to Mr. Goudeau challenging its racially discriminatory practices, PeopleTec retaliated against Mr. Goudeau on or about March 8, 2022 (less than two (2) days after he complained about PeopleTec's racially discrimination pay practice(s)), and reassigned him to an Analyst position -- a less prestigious position with less opportunity, less prestige, and more limited income and/or chance for advancement.

16. Feeling frustrated, marginalized, used, abused, and humiliated by

PeopleTec's discriminatory treatment and retaliatory animus, Mr. Goudeau resigned his employment with PeopleTec on or about May 2022.

17. Mr. Goudeau filed a charge of discrimination in the Birmingham District of the Equal Employment Opportunity Commission on or about April 29/May 6, 2022, alleging race discrimination and retaliation in violation of Title VII. [*See* Exhibit 1.] On or about May 13, 2022, the EEOC entered its Determination and Notice of Rights, giving Mr. Goudeau the right to file suit in federal court. [*See* Exhibit 1.]

## COUNT I—TITLE VII (Race Discrimination)

18. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-17 as if set forth herein verbatim.

19. PeopleTec paid Plaintiff (black) significantly less than similarly-situated white employees.

20. PeopleTec's management, namely Kenton Brazell and others referred to blacks as lazy, underperforming, and inadequate.

21. Plaintiff is embarrassed and humiliated by Defendant's racially discriminatory conduct.

22. Defendant's practices set forth in this section were motivated by racial animus in violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant treated Mr. Goudeau more adversely than

6

similarly-situated Caucasian employees in terms of compensation, benefits and other terms and conditions of his employment. By virtue of Defendant's discriminatory employment practices, Plaintiff has experienced extreme harm, including loss of compensation/wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies under Title VII.

23. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, compensatory and punitive damages, and injunctive and declaratory relief. Plaintiff has suffered irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

### COUNT II — 42 U.S.C. § 1981 (Race Discrimination)

24. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-23 above as if set forth herein verbatim.

25. Defendant's decision to pay Mr. Goudeau significantly less than similarly-situated white employees was motivated by racial animus, which interfered with his ability to contract and to enjoy the benefits of contractual employment arrangements to the same level as his Caucasian counterparts.

26. Defendant's practices set forth in this and the previous section were motivated by racial animus in violation of 42 U.S.C. § 1981. On

7

information and belief, but for Plaintiff's race (African-American) Defendant would have compensated him the same as similarly situated white employees.

27. Defendant treated Plaintiff more adversely than similarly-situated Caucasian employees in terms of compensation, benefits and other terms and conditions of his employment. By virtue of PeopleTec's discriminatory employment practices, Plaintiff has experienced extreme harm, including loss of compensation and wages, back pay, compensatory and punitive damages, and other employment benefits, and, as such is entitled to legal and equitable remedies under 42 U.S.C. § 1981.

28. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, compensatory and punitive damages, and injunctive and declaratory relief. Plaintiff has and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## COUNT III—TITLE VII (Retaliation)

29. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-28 above as if set forth herein verbatim.

30. Plaintiff complained directly to PeopleTec's management and officials

about the disparity in pay between similarly-situated white employees.

31. Defendant responded by stripping Plaintiff of his Engineer position and relegating him to a less prestigious Analyst role, which resulted in Mr. Goudeau having less responsibility, less income, and reduced opportunity for advancement.

32. Defendant's practices set forth in this section were motivated by retaliatory animus in violation of Title VII of the Civil Rights Act of 1964, as amended. After and because Mr. Goudeau engaged in protected activity under Title VII (complaining about racially discriminatory treatment), Defendant essentially demoted him; thus, treating him more adversely than employees not engaging in protected activity under Title VII in terms of compensation, benefits and other terms and conditions of his employment.

33. By virtue of Defendant's retaliatory employment practices, Plaintiff has experienced extreme harm, including loss of compensation wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies under Title VII.

34. Plaintiff is embarrassed and humiliated by Defendant's retaliatory treatment.

35. Plaintiff has no plain, adequate, or complete remedy at law to redress the

wrongs alleged, other than this action, for back pay, compensatory and punitive damages, and injunctive and declaratory relief. Plaintiff has suffered irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## COUNT IV— 42 U.S.C. § 1981 (Retaliation)

36. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-35 above as if set forth herein verbatim.

37. Defendant paid Mr. Goudeau a significantly lower salary than his similarly-situated white engineer co-workers. Defendant retaliated against Plaintiff for complaining about the racially discriminatory treatment he was subjected to.

38. Instead of addressing the discriminatory pay treatment, Defendant opted to remove Plaintiff from his Engineering position and demote him to an Analyst position.

39. Defendant's practices set forth in this section were motivated by retaliatory animus in violation of 42 U.S.C. § 1981, as amended. After and because Mr. Goudeau engaged in protected activity under Section 1981 (complaining about racially discriminatory treatment), Defendant terminated his employment; thus, treating him more adversely than employees not engaging in protected activity under Section 1981 in terms of compensation, benefits and other terms and

conditions of his employment. By virtue of Defendant's retaliatory employment practices, Plaintiff has experienced extreme harm, including loss of compensation wages, back and front pay, compensatory and punitive damages, and other employment benefits, and, as such, is entitled to all legal and equitable remedies under Section 1981.

40. Plaintiff is embarrassed and humiliated by Defendant's retaliatory treatment.

41. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, compensatory and punitive damages, and injunctive and declaratory relief. Plaintiff has suffered irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless remedied by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of PeopleTec, Inc. violated the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents,

successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981, as amended.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding Plaintiff (i) the position and compensation he would have had in the absence of its racially discriminatory practice(s); (ii) back pay; (iii) lost seniority; and (iv) lost benefits.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**

**THE UNDERSIGNED COUNSEL WILL PROVIDE THE SERVICE MATERIALS TO CLERK OF COURT FOR DELIVERY TO DEFENDANT PEOPLETEC, INC.**

Respectfully submitted, this 9th day of August, 2022.

/s/ Robert L. Beeman, II
Robert L. Beeman, II
Attorney for Plaintiff
Alabama Bar No. 1838-E63R
3720 4th Avenue South
Birmingham, AL 35222
rlbsportsmgnt12@gmail.com
205.422.9015 (P)
800.693.5150 (F)

> */s/ Roderick T. Cooks*
> Roderick T. Cooks
> Attorney for Plaintiff
> Alabama Bar No. 5819-O78R
> Winston Cooks, LLC
> 505 20th Street North, Suite 815
> Birmingham, AL 35203
> rcooks@winstoncooks.com
> 205.502.0970 (P)
> 205.278.5876 (F)

## CERTIFICATE OF SERVICE

I hereby certify a copy of the Complaint has been (or will be) arranged to be served on Defendant by the clerk of court at the address below. Done this 9th day of August, 2022.

> */s/Robert L. Beeman, II*_____
> Robert L. Beeman, II
> [ASB-1838-E63R]

**DEFENDANT'S ADDRESS:**
PeopleTec, Inc.
  c/o Terry Jennings
4901-1 Corporate Drive
Huntsville, AL 35805